```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
EUGENE DUNCAN, individually and on behalf of all                   :
others similarly situated,                                         :
                                                                   :
                                   Plaintiff,                      :    19-cv-8126 (LJL)
                                                                   :
              -v-                                                  :         ORDER
                                                                   :
GREENPORTER LAND, LLC and ANVK NY                                  :
HOLDINGS LLC,                                                      :
                                                                   :
                                   Defendants.                     :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020

LEWIS J. LIMAN, United States District Judge:

The procedural history of this case is set forth at Dkt. No. 19 but bears repeating here.

This action was initiated by Complaint against Defendant Greenporter Land LLC ("Greenporter") on August 30, 2019.  Plaintiff brought claims related to the alleged inaccessibility of Greenporter's website to blind and visually-impaired consumers in violation of the American with Disabilities Act, 42 U.S.C. § 12181, N.Y. Exec. Law § 296, N.Y.C. Admin. Code § 8-107, and a claim for declaratory relief.

A response by Greenporter was due on October 17, 2019, but Greenporter did not respond to the Complaint or appear in the action.  Dkt. No. 5.  The action was transferred to the undersigned on February 6, 2020, and on February 19, 2020, the Court ordered Plaintiff to file a motion for default judgment by March 6, 2020.  Dkt. No. 6.

On March 6, 2020, the Court granted a 30-day extension to permit Plaintiff to determine whether to move for default or amend the Complaint to add a necessary party.  Dkt. No. 8.  On April 6, 2020, Plaintiff indicated that it had identified a necessary party to this action and

intended to amend the Complaint.  The Court granted a stay in the action until May 25, 2020 to permit Plaintiff to amend.  Dkt. No. 10.

Plaintiff did not amend.  On May 27, 2020, the Court ordered Plaintiff to file an amended complaint or move for default by June 16, 2020, "on pain that failure to do so may result in the action being dismissed for failure to prosecute."  Dkt. No. 11.  Plaintiff filed an amended complaint after the deadline, on June 24, 2020.  Dkt. No. 12.  The amended complaint added a second defendant, ANVK NY Holdings LLC ("ANVK").  ANVK was served on July 9, 2020, with its response due on July 30, 2020.  ANVK did not respond to the amended complaint or appear in the action.  Greenporter still has not appeared in the action.

On September 25, 2020, the Court ordered Plaintiff to file a motion for default judgment by October 26, 2020.  That order stated that "[t]here will be no further extensions" and warned—once again—that "failure to file the motion for default judgment may result in the action being dismissed for failure to prosecute."  Dkt. No. 19.  Plaintiff did not file its motion.

It is hereby ORDERED that this action is DISMISSED for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996)).

Plaintiff has done nothing to move the case forward except at the prodding of the Court.

Indeed, the record shows that Plaintiff took no action in the four months between the time Greenporter's response was due on October 17, 2019 and the Court's order on February 19, 2020 requesting Plaintiff's participation. Plaintiff failed to file the amended complaint by May 25, 2020 for which he had requested a stay of this action and only filed it—one month later—once the Court warned that failure to file could result in dismissal. And when Plaintiff did file the amended complaint, he failed to file by the new deadline of June 16, 2020. Plaintiff again missed a third deadline, to move for a default judgment by October 26, 2020. Plaintiff has been on notice since May 27, 2020 that his failure to comply may result in the action being dismissed, and the Court stated in its last order that he would not be granted further extensions. *See Honsaker v. City of New York*, 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) ("[T]he Court repeatedly made clear to Plaintiff that failure to pursue this litigation could result in dismissal for failure to prosecute" and "[t]he Court's final order . . . warned Plaintiff that there would be no further extensions of this deadline."). This case has been outstanding for 14 months, Plaintiff has been given "multiple opportunities to be heard, as witnessed by the Court's repeated extensions of filing deadlines for Plaintiff's benefit," *Williams v. Lorac Cosmetics, LLC*, 2020 WL 6063795, at *2 (S.D.N.Y. Oct. 14, 2020), and the Court has an obligation to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.

The usual sanction for failure to prosecute under Fed. R. Civ. P. 41(b) is dismissal with prejudice. However, because "this action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial," and Defendants have "failed to appear or comply with any filing deadlines, the Court cannot conclude that Defendant[s] would suffer any prejudice if this litigation were allowed to continue." *Williams*, 2020 WL 6063795, at *2; *see also Baptiste*, 768

F.3d at 218.  Thus, the Court finds that dismissal without prejudice is appropriate.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 29, 2020
       New York, New York

                                        LEWIS J. LIMAN
                                United States District Judge

4